**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UBS FINANCIAL SERVICES, INC., <br><br> Petitioner, <br><br> v. <br><br> FRANCISCO MARTIN, <br><br> Respondent. | NO. 13-CV-1498-MMA-DHB <br><br> **ORDER GRANTING PETITIONER'S MOTION TO ENTER DEFAULT JUDGMENT** <br><br> [Doc. No. 13] |

Before the Court is Petitioner UBS Financial Services, Inc.'s Motion to Confirm FINRA[1] Arbitration Award and Enter Judgment Thereon or, in the Alternative, Enter Default Judgment. Doc. No. 13. To date, Respondent Francisco Martin has failed to appear or otherwise defend this action. For the reasons stated below, the Court **GRANTS** Petitioner's motion to enter default judgment.

## BACKGROUND

**A.   Factual Background**

Petitioner is a Delaware corporation with its principal place of business in Weehawken, New Jersey. Doc. No. 1 ¶ 1. Specifically, Petitioner is a securities broker-dealer and a FINRA member firm. Doc. No. 13-1 at 2. Respondent is an

---

[1] FINRA refers to the Financial Industry Regulatory Authority.

individual and former employee of Petitioner, who resided in the State of California at the time of filing. Doc. No. 1 ¶ 2. Petitioner employed Respondent in its San Diego office as a licensed securities broker and a FINRA registered representative, beginning on or about October 23, 2009. Doc. No. 13-1 at 2. When Respondent began his employment, he signed a Uniform Application for Securities Industry Registration or Transfer document wherein he expressly agreed to arbitrate any disputes with Petitioner. *Id.*

On or about December 17, 2009, Petitioner loaned Respondent $100,000.00. Doc. No. 1 ¶ 7. The parties memorialized the loan in Promissory Note No. 3915, which both parties executed. *See* Steele Decl. Ex. 2 ("Promissory Note") at 3. Pursuant to the Note, the parties agreed to resolve any disputes via binding arbitration. *Id.* Specifically, the Note provides that "Employee and UBS agree that, unless prohibited by applicable law, any disputes between Employee and UBS . . . will be determined by arbitration as authorized and governed by the arbitration law of the state of New Jersey." *Id*. The Note further provides that "the decision of the Arbitrator(s) will be final and binding on the parties . . . ." *Id.* at 4. Pursuant to the terms of the Note, Respondent was to repay Petitioner in 9 equal, annual installments of $11,111.11, plus accrued interest at a rate of 3.8% per annum, on December 14 of each year beginning in 2010 through 2018. *See id.* at 1. However, "in the event that the Employee's employment with UBS is terminated . . . for any reason[,]" the balance due would become immediately payable. *Id.* at 2.

On or about April 19, 2011, Petitioner terminated Respondent's employment based on alleged violations of FINRA rules and Petitioner's policies. *See* Doc. No. 13-1 at 3. Upon termination, the balance due on Respondent's loan became immediately payable pursuant to the terms of the Note. *Id.* On or about April 20, 2011, Petitioner requested payment, but Respondent refused to pay. *Id.* After Respondent's refusal to pay, Petitioner brought an arbitration action pursuant to the terms of the Note to collect the balance due on the loan. *Id.*

On or about June 17, 2011, Petitioner filed a Statement of Claim with FINRA Dispute Resolution. *See* Steele Decl. Ex. 3 ("Arbitration Award") at 1. Both parties participated in binding arbitration proceedings related to Respondent's alleged failure to make contractual payments on the Note. Doc. No. 1 ¶ 9; *see also* Arbitration Award. Specifically, Respondent appeared *pro se* at the arbitration hearing held on November 13–14, 2012 in San Diego, California. *See* Arbitration Award. On December 7, 2012, the two-member arbitration panel issued a written arbitration award finding in favor of Petitioner and against Respondent. After considering the parties' submissions and the evidence presented at the hearing, the panel found Respondent liable and awarded Petitioner $92,617.50 in compensatory damages and $25,000.00 in legal fees and costs, totaling $117,617.50. *See id.* The panel also denied Respondent's counterclaims in their entirety. *Id.*

**B.     Procedural History**

On June 28, 2013, Petitioner filed a Petition to Confirm the FINRA Arbitration Award and Enter Judgment Thereon against Respondent as provided for under the Federal Arbitration Act. Doc. No. 1.

On October 29, 2013, the Court issued an Order to Show Cause ("OSC") why Respondent had not been served within 120 days as required by Federal Rule of Civil Procedure 4(m). *See* Doc. No. 5. On November 22, 2013, Petitioner filed a response detailing its attempts to serve Respondent, and requesting the Court deem service complete or, in the alternative, permit Petitioner to serve Respondent via email pursuant to Rule 4(f)(3) because Respondent appeared to be outside the United States, specifically in Switzerland. *See* Doc. No. 6.

On December 3, 2013, the Court vacated the OSC hearing. Doc. No. 7. Thereafter, on December 5, 2013, the Court granted Petitioner leave to serve Respondent via email pursuant to Federal Rule of Civil Procedure 4(f)(3). Doc. No. 8. On December 11, 2013, Petitioner filed a Declaration in Support of Service, averring that Respondent had been served by email, return receipt requested, on

December 6, 2013. *See* Doc. No. 9.  Petitioner also attached the email and confirmation of receipt by Respondent. *See id.*  To date, Respondent has failed to respond or otherwise appear in this case.

Petitioner then moved to confirm the FINRA Arbitration award.  On February 4, 2014, the Court found that although Respondent had been properly served, Respondent had not appeared in the case.  As such, Federal Rule of Civil Procedure 55 applied.  However, because the Clerk had not entered default under Rule 55(a), the Court denied without prejudice Petitioner's motion.

On March 21, 2014, Petitioner requested Entry of Clerk Default pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk entered default against Respondent on March 25, 2014.  Doc. Nos. 11, 12.

Petitioner now moves to confirm the FINRA arbitration award and entry of judgment thereon or, in the alternative, to enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  To date, Respondent has failed to appear or otherwise defend this action.  Accordingly, the Court must determine whether to enter default judgment in this case.

## LEGAL STANDARD

Where a respondent fails to appear in an action to confirm an arbitration award, and default has been entered, courts will first consider the appropriateness of entry of default judgment. *See* Fed. R. Civ. P. 55; *see, e.g.*, *Wells Fargo Advisors, LLC v. Braver*, No. 11-CV-06685, 2012 U.S. Dist. LEXIS 102052, at *3 (N.D. Cal. July 9, 2012) (applying Rule 55 in the context of arbitration awards).[2]

If a defendant fails timely to defend an action, a plaintiff may move the Court for entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2).  Although generally

---

[2] *See also Legacy Fin. Servs. v. Gandossy*, No. 09-5391, 2010 U.S. Dist. LEXIS 51669 (N.D. Cal. Apr. 15, 2010); *Cal. Drywall/Lathing Indus. Labor-Mgmt. Cooperation v. MLR Drywall Servs.*, No. 09-3531, 2010 U.S. Dist. LEXIS 9532 (N.D. Cal. Jan. 19, 2010); *Holland v. Westport Ins. Corp.*, No. 04-1238, 2007 U.S. Dist. LEXIS 27275 (N.D. Cal. Mar. 28, 2007); *Gladstone Wood v. Hampton-Porter Inv. Bankers*, No. 02-5367, 2004 U.S. Dist. LEXIS 4013 (N.D. Cal. Mar. 11, 2004).

disfavored, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), district courts do have discretion to enter default judgments. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In *Eitel*, the Ninth Circuit enumerated various factors for district courts to consider when deciding whether to enter a default judgment, including:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1471–72.

Upon entry of default, the court deems the factual allegations in the complaint regarding liability as true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *see also Geddes v. United Financial Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (noting that upon entry of default, factual allegations in the complaint are deemed admitted by the non-responding party); *J & J Sports Prod., Inc. v. Ramos*, No. 11-CV-489, 2012 WL 4575338, at *3 (S.D. Cal. Oct. 2, 2012).

A court may enter a default judgment without a hearing where the amount of damages claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## DISCUSSION

**A.    Motion for Default Judgment**

To date, Respondent has failed to appear in this case. Petitioner moved for entry of default, which the Clerk entered on March 25, 2014. *See* Doc. Nos. 11, 12. Therefore, the Court first considers Petitioner's motion for default judgment.

**1.    Jurisdiction and Service of Process**

A court considering whether to enter a default judgment has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re*

*Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *3. Here, the Court may exercise diversity jurisdiction. *See* 28 U.S.C. § 1332. Petitioner is a Delaware corporation with its principal place of business in Weehawken, New Jersey whereas Respondent is an individual, who resided in the State of California at the time of filing. Doc. No. 1 ¶¶ 1, 2. The arbitration award Petitioner seeks to confirm exceeds $75,000.00. Additionally, an "application [to confirm an arbitration award] may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Here, the arbitration award was issued from the Hearing Office of FINRA located in San Diego, California. Therefore, the Court has proper jurisdiction over this case.

The Court must also assess service of process on the party against whom entry of default judgment is requested. *See Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *3. Federal courts do not have jurisdiction over defendants who have not been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Here, the Court previously granted Petitioner leave to serve Respondent via email, return receipt requested, pursuant to Federal Rule of Civil Procedure 4(f)(3) because Respondent appeared to be in a foreign country, specifically Switzerland. *See* Doc. No. 8. Petitioner filed a Declaration in Support of Service of Petition stating that Petitioner served its petition on Respondent via email, return receipt requested, on December 6, 2013. *See* Doc. No. 9. Petitioner also attached the email and confirmation of receipt by Respondent, indicating that Respondent read the email on December 6, 2013 at 4:18 p.m. *See id.* at 11. Therefore, the Court finds service of process was proper.

**2. Default Judgment**

The Court next considers the *Eitel* factors to determine whether entry of default judgment is proper. 782 F.2d at 1471–72. For the reasons discussed below, the Court finds the majority of the *Eitel* factors favor entry of default judgment in this case.

First, if the Court declines to enter default judgment, Petitioner will likely be without other recourse for recovery. *See, e.g., Cabinet Makers, Millmen & Indus. Carpenters Local 721 v. Commercial Wood Prods. Co.*, No. 12-01932, 2013 U.S. Dist. LEXIS 27936, at *6 (C.D. Cal. Feb. 28, 2013) (finding Plaintiff demonstrated it would suffer prejudice absent entry of default where defendant failed to respond to Petition to Confirm Arbitration Award); *Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *7 (finding Plaintiff may suffer prejudice absent entry of default because "he may not have another recourse for recovery . . . "); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Specifically, if the Court declines to enter default judgment, Petitioner will likely have no other means to enforce its arbitration award against Respondent. The Court finds that Petitioner will likely suffer prejudice absent entry of default judgment. Therefore, this factor favors granting default judgment.

The next two factors—the merits of Petitioner's substantive claim and sufficiency of the petition—also support entry of default judgment. The Court considers whether Respondent agreed to arbitrate the underlying dispute. In the event Respondent had not agreed to arbitrate, the Court cannot confirm the resultant arbitration award. *See Bd. of Trs. of Carpenters Health & Welfare Trust Fund for Cal. v. Acoustitec*, No. 08–1137, 2009 WL 2152064, at *4 (N.D. Cal. July 16, 2009). Here, Respondent signed the Note agreeing to binding arbitration of any disputes. *See* Promissory Note at 3; Doc. No. 1 ¶ 7. Furthermore, Respondent actively participated in the arbitration process. Specifically, Respondent filed a Statement of Answer and Counterclaim and appeared *pro se* at the arbitration hearing held on November 13–14, 2012. *See* Arbitration Award at 1–2; Doc. No. 13-1 at 3. The Court has determined, based on its review of the record, there is no indication Respondent challenged the validity of the applicable arbitration clause, either at the arbitration or after FINRA issued its award. Still further, Respondent has failed to appear in this action or otherwise raise grounds to vacate, modify, or correct the

FINRA award. "In the absence of a legal basis to vacate, this court has no discretion but to confirm the award." *Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *8 (citing *Int'l Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007), *aff'd*, 255 F. App'x 531 (D.C. Cir. 2007)). Accordingly, Petitioner's petition and substantive claim both support granting default judgment.

Fourth, the sum of money at stake supports entry of default judgment. The amount must not be disproportionate to the alleged harm. *Lehman Bros. Holdings, Inc. v. Bayporte Enters., Inc.*, No. 11–0961, 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011). Here, Petitioner seeks to confirm an arbitration award, pre- and post-judgment interest, and attorneys' fees. The Court finds that Petitioner originally loaned Respondent $100,000.00. *See* Promissory Note. The Note, executed by both parties, also indicates Respondent agreed to pay Petitioner reasonable attorneys' fees if a dispute arose. *Id.* The FINRA Arbitrators awarded Petitioner $92,617.50 in compensatory damages and $25,000.00 in legal fees and costs pursuant to the provisions of the Note. *See* Arbitration Award at 3. As such, the Court finds the damages in the amount of $117,617.50 are proportionate to the harm alleged.

The Court further finds, based on the provisions of the Note, Respondent expressly agreed to reimburse Petitioner for attorneys' fees incurred in seeking to collect payment from Respondent. Thus, reasonable attorneys' fees are the direct result of and proportionate to the harm alleged. *See Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *9 (finding the sum of amount owed on a Note, commission overpayment, and costs associated with filing the Petition and subsequent pleadings was proportionate to the alleged harm). Similarly, prejudgment interest directly resulted from Respondent's failure to comply with the arbitration award and a reasonable award of prejudgment interest is proportionate to the harm alleged. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (damages sought, including amounts due under contracts and prejudgment interest, were consistent with the terms of the contract and otherwise

appropriate for purposes of *Eitel*.)  Additionally, "[u]nder the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995).  As such, this factor favors granting default judgment.

Fifth, the possibility of a dispute as to material facts is unlikely because Respondent has not defended himself in the case, and there is no indication he intends to do so.  *See Moroccanoil, Inc. v. Allstate Beauty Prods., Inc.*, 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012).  Respondent has actual notice of the pending action because he read the email in which Petitioner served him.  Further, Respondent replied to Petitioner's previous email sent on September 9, 2013 notifying him of the action and seeking a service address.  *See* Doc. No. 6, Steele Decl. ¶ 18.  Additionally, based on Respondent's response to Petitioner—"I am [in] Switzerland! Good luck."—the Court previously found that Respondent was purposely evading service, and therefore likely has no intention of defending against this action.  *See* Doc. No. 8 at 5.  Moreover, upon the Clerk's entry of default, the Court deems all well-pleaded facts in the petition regarding liability as true.  *See Animal Blood Bank, Inc. v. Hale*, No. 10-CV-02080, 2012 U.S. Dist. LEXIS 165135, at *23–24 (E.D. Cal. Nov. 16, 2012) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.") (citing *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)).

Still further, Supreme Court authority strictly limits federal courts' review of arbitration decisions pursuant to the Federal Arbitration Act.  *Todd v. Shipyards Corp. v. Cunard Lines, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991).  "In the absence of a legal basis to vacate, this court has no discretion but to confirm the award." *Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *8 (citing *Int'l Thunderbird Gaming Corp.*, 473 F. Supp. 2d at 83).  Generally, "an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.'"  *Todd*,

943 F. 2d at 1060 (citations omitted).  This is because "[a]rbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal.  As a mode of settling disputes, it should receive every encouragement from courts. . . ." *San Martine Compania De Navegacion v. Saguenay Terminals Ltd.*, 293 F.2d 796, 800 (9th Cir. 1961).  Therefore, the possibility of a dispute as to any material facts in this case is remote.  This factor also favors granting default judgment.

Sixth, Respondent's default does not appear to be a result of excusable neglect.  Rather, Respondent was properly served under Rule 4(f)(3) with the petition on December 6, 2013.  *See* Doc. No. 11.  After receiving an email from Petitioner containing the original petition, Respondent replied "I am [in] Switzerland! Good luck."  Doc. No. 6, Steele Decl. ¶ 18.  Respondent's conduct demonstrates not only an awareness of Petitioner's pending claims, but also a conscious decision on his part not to participate in or defend this action.  Additionally, although Respondent was properly served with Petitioner's Request for Entry of Clerk Default, he has failed to appear in this action or otherwise offer any defense.  Other courts have recognized that a defendant's failure to respond after receiving notice is unlikely to constitute excusable neglect.  *See, e.g.*, *Craigslist, Inc. v. Kerbel*, No. 11-3309, 2012 U.S. Dist. LEXIS 108573, at *23 (N.D. Cal. Aug. 2, 2012) (noting it was unlikely the defendant's default was due to excusable neglect, "especially when Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response").  Accordingly, this factor favors default judgment.

Finally, the Court must consider the strong policy favoring decisions on the merits.  Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action." *Moroccanoil*, 847 F. Supp. 2d at 1203.  Here, Respondent has not appeared in the case and has thus

1  prevented a decision on the merits of Petitioner's claim.  Therefore, this factor does
2  not preclude granting default judgment against Respondent.  *See PepsiCo*, 238 F.
3  Supp. 2d at 1177.
4        The Court finds that the balance of the *Eitel* factors weighs in favor entry of
5  default judgment.

**B.  Terms of Judgment to be Entered**

      Once a court has determined the moving party is entitled to entry of default judgment, it must define the terms of judgment to be entered.  *See Animal Blood Bank, Inc.*, 2012 U.S. Dist. LEXIS 165135, at *28; *United States v. Merritt*, No. 11-CV-01136, 2011 U.S. Dist. LEXIS 122254, at *16 (E.D. Cal. Oct. 20, 2011); *McKibben v. Collection Prof'l Servs.*, No. 09-CV-02949, 2010 U.S. Dist. LEXIS 48825, at *20 (E.D. Cal. May 17, 2010).  "In assessing damages, the court must review the facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default."  *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).

      Here, pursuant to the terms of the Note, the Note "shall be governed by and construed and enforced in accordance with the laws of the State of New Jersey without regard to principles of conflicts of law."  *See* Promissory Note at 4.  New Jersey law requires the Court to "conduct its own inquiry in order to ascertain the amount of damages with reasonable certainty."  *Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs.*, No. 05-3143, 2007 U.S. Dist. LEXIS 5711, at *5 (D.N.J. Jan. 26, 2007) (quoting *In re Indus. Diamonds*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

      For the reasons set forth below, the Court finds that Petitioner is entitled to default judgment in the amount of the FINRA arbitration award for $117,617.50, prejudgment interest in the amount of  $6,499.44, and post-judgment interest pursuant to 28 U.S.C. § 1961.  *See Air Separation, Inc.*, 45 F.3d at 290.  However, based on the current record, the Court cannot ascertain the amount of attorneys' fees

and therefore denies without prejudice Petitioner's request for attorneys' fees.

### 1. FINRA Arbitration Award

As noted, "[i]n the absence of a legal basis to vacate, this court has no discretion but to confirm [an arbitration] award." *Wells Fargo Advisors*, 2012 U.S. Dist. LEXIS 102052, at *8 (citing *Int'l Thunderbird Gaming Corp.*, 473 F. Supp. 2d at 83). Here, Respondent has failed to appear in this action or otherwise raise grounds to vacate, modify, or correct the FINRA award. Moreover, based on its review of the record, the Court finds that Petitioner originally loaned Respondent $100,000.00. *See* Promissory Note. The Note, executed by both parties, also indicates Respondent agreed to pay Petitioner reasonable attorneys' fees if a dispute arose. *Id.* It appears the arbitrators determined Petitioner was entitled to recover compensatory damages and attorneys' fees under the Note. *See* Arbitration Award at 3. As such, the arbitrators awarded Petitioner $92,617.50 in compensatory damages and $25,000.00 in legal fees and costs pursuant to the provisions of the Note. *Id.* The Court therefore finds Petitioner is entitled to default judgment confirming the arbitration award in the amount of $117,617.50.

### 2. Prejudgment Interest

Petitioner seeks prejudgment interest at the rate of 3.8% per annum for the period beginning December 7, 2012—the date FINRA issued its written arbitration award—through the date this Court enters judgment. *See* Doc. No. 13.

As an initial matter, Petitioner asserts that New Jersey law governs the issue of prejudgment interest in this case. Petitioner is only partially correct. As set forth above, the terms of the Note establish that New Jersey law applies to any dispute arising from the Note. *See* Promissory Note at 4. However, under New Jersey law, prejudgment interest is a procedural issue, and as such, the law of the forum state applies. *See N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys., Inc.*, 158 N.J. 561, 569, 730 A.2d 843, 848 (1999) ("[T]he procedural law of the forum state applies even when a different state's substantive law must govern.");

*Gleason v. Norwest Mortgage, Inc.*, 253 F. App'x 198, 203–04 (3d Cir. 2007) ("Although the parties agreed to be bound by Minnesota law, the law of the forum state—in this case, New Jersey—applies to questions of process, of which the award of interest is one."). Accordingly, pursuant to New Jersey law, this Court will apply the law of the forum state—here, California—to determine the issue of prejudgment interest.

In California, Civil Code section 3287 governs the issue of prejudgment interest. *See* Cal. Civ. Code § 3287.[3] Specifically, "section 3287, subdivision (a), establishes the right of a plaintiff to recover prejudgment interest whenever the amount of money due is liquidated—i.e., when the damages are certain, or capable of being made certain by calculation . . . ." *Marine Terminals Corp. v. Paceco, Inc.*, 145 Cal. App. 3d 991, 994, 193 Cal. Rptr. 687, 689 (1983) (alternations in original) (internal quotations omitted). Additionally, under subdivision (a), "[p]rejudgment

---

[3] California Civil Code section 3287 states in its entirety:

(a) A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

(c) Unless another statute provides a different interest rate, in a tax or fee claim against a public entity that results in a judgment against the public entity, interest shall accrue at a rate equal to the weekly average one year constant maturity United States Treasury yield, but shall not exceed 7 percent per annum. That rate shall control until the judgment becomes enforceable under Section 965.5 or 970.1 of the Government Code, at which time interest shall accrue at an annual rate equal to the weekly average one year constant maturity United States Treasury yield at the time of the judgment plus 2 percent, but shall not exceed 7 percent per annum.

1  interest must be granted as a matter of right if damages are certain or ascertainable,
2  and the interest runs from the date when the damages are certain or ascertainable and
3  when the sum due is made known to the defendant." *E. L. White, Inc. v. City of*
4  *Huntington Beach*, 138 Cal. App. 3d 366, 377, 187 Cal. Rptr. 879 (1982).

5  Here, Petitioner's damages are liquidated because they are certain or
6  ascertainable. Specifically, Petitioner seeks those damages awarded by the
7  arbitration panel—$92,617.50 in compensatory damages and $25,000.00 in legal
8  fees and costs, totaling $117,617.50. Further, the amount of damages was made
9  known to Respondent in the written arbitration award, which the panel issued and
10 served on December 7, 2012. Accordingly, the Court finds that section 3287(a)
11 applies, and Petitioner is entitled to prejudgment interest beginning on December 7,
12 2012, the date on which the sum was made known to Respondent. *See* Cal. Civ.
13 Code § 3287(a); *E. L. White*, 138 Cal. App. 3d at 377.

14 The Court next considers the rate at which to award prejudgment interest in
15 the instant action. California Civil Code section 3289 governs the rate of
16 prejudgment interest in contract cases. *See* Cal. Civ. Code § 3289. Section 3289
17 states in relevant part:

18 (a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a
19 verdict or other new obligation.

20 (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10
21 percent per annum after a breach.

22 *See* Cal. Civ. Code § 3289. Thus, pursuant to section 3289, the rate of prejudgment
23 interest where a contract stipulates a rate of interest is the rate specified in the
24 contract. However, where the contract does not stipulate a rate, the interest rate is
25 10% per annum after a breach. *See id*.

26 Here, the Note—which both parties signed and agreed to be bound
27 by—stipulates that the rate of interest is 3.8% per annum. *See* Promissory Note at 1.
28 As such, the Court finds that section 3289(a) applies, and Petitioner is entitled to

1  prejudgment interest beginning on December 7, 2012 at a rate of 3.8% per annum.
2  Upon calculating the interest rate of 3.8% per annum beginning on December 7,
3  2012,[4] the Court finds Petitioner is entitled to a total award of $6,499.44 in
4  prejudgment interest.

### 3. Post-Judgment Interest

Federal law determines post-judgment interest. *James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co.*, 801 F.2d 1560, 1570 (9th Cir. 1986). This standard applies equally in diversity cases. *See Northrop Corp.*, 842 F.2d at 1155 (9th Cir. 1988). Accordingly, 28 U.S.C. § 1961 applies here. Moreover, the Ninth Circuit has recognized that under 28 U.S.C. § 1961, "post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc.*, 45 F.3d at 290. Under that section, post-judgment interest is calculated from the date of entry of judgment "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). As such, the Court finds Petitioner is entitled to an award of post-judgment interest from the date judgment is entered in this case in accordance with 28 U.S.C. § 1961(a).

### 4. Attorneys' Fees

Petitioner seeks an award of attorneys' fees incurred in continuing its efforts to collect on the arbitration award. Under New Jersey law, attorneys' fees are also a matter of procedure, and therefore governed by the law of the forum state—here, California. *See N. Bergen Rex Transp.*, 730 A.2d at 848. Similar to New Jersey law, California law permits recovery of attorneys' fees where they are expressly provided

---

[4] Interest is calculated as follows: The interest rate is 3.8% per annum, as set forth in the Promissory Note. 3.8% of $117,617.50 (the amount of damages) is $4,469.66, which is the amount of interest that accrues per year. The amount $4,469.66 divided by 365 days in a year equals $12.24, which is the amount of interest that accrues per day. The number of days between December 7, 2012 and May 22, 2014—the date of this Order—is 531 days. Thus, $12.24 multiplied by 531 days equals $6,499.44.

for in the parties' contract. *See* Cal. Civ. Code § 1717(a); *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (2011). Here, the Note expressly provides that "[i]n the event that any arbitration, suit or other proceeding is brought against the Employee to collect this Promissory Note, UBS shall be entitled to recover from the Employee all costs and reasonable expenses of collection and enforcement, including, without limitation, attorney's fees and disbursements." *See* Promissory Note at 2.

However, based on the current record before the Court, Petitioner has not provided evidence in support of the amount of fees incurred in this action. As such, the Court is unable to award attorneys' fees on the current record. The Court therefore **DENIES without prejudice** Petitioner's request for attorneys' fees.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's motion for default judgment and **ORDERS** as follows:

1. The Clerk shall enter Judgment in favor of Petitioner in the amount of $117,617.50 in damages consistent with the arbitration award.
2. Petitioner is entitled to prejudgment interest in the amount of $6,499.44 and post-judgment interest in accordance with 28 U.S.C. § 1961.
3. Finally, the Court **DENIES without prejudice** Petitioner's request for attorneys' fees on the current record before the Court.

**IT IS SO ORDERED.**

DATED: May 22, 2014

Hon. Michael M. Anello
United States District Judge